```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/21/17
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FANNY LEMA,

                  Plaintiff,

    -against-

880 DRY CLEANERS, INC. d/b/a MERIT
CLEANERS and KWONG HO CHOI,

                  Defendants.

16cv03409 (DF)

**ORDER OF DISMISSAL**

**DEBRA FREEMAN, United States Magistrate Judge:**

    In this action under the Fair Labor Standards Act and the New York Labor Law, which is before this Court on the consent of the parties pursuant to 28 U.S.C. § 636(c), the parties, having reached an agreement in principle to resolve the action, have placed their proposed settlement agreement before this Court for approval. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 1999 (2d Cir. 2015) (requiring judicial fairness review of FLSA settlements). Plaintiff has also submitted a letter detailing why the parties believe the proposed settlement agreement is fair, reasonable, and adequate. (Dkt. 29.) This Court has reviewed Plaintiff's submissions in order to determine whether the proposed agreement (Dkt. 29-1) represents a reasonable compromise of the claims asserted in this action, and, in light of the totality of the relevant circumstances, including the representations made in Plaintiff's letter, the terms of the proposed settlement agreement, and this Court's own familiarity with the strengths and weaknesses of the parties' positions (as became evident during an arms-length settlement mediation conducted by this Court), it is hereby ORDERED that:

1. The Court finds that the terms of the proposed settlement agreement are fair, reasonable, and adequate, both to redress Plaintiff's claims in this action and to compensate Plaintiff's counsel for their legal fees, and the agreement is therefore approved.

2. Although Plaintiff's letter does not expressly request that this Court retain jurisdiction to enforce the settlement agreement, the terms of the proposed "Stipulation and Order of Dismissal" submitted by the parties as Exhibit 1 to their agreement (Dkt. 29-1, at 7), plainly contemplates this. Therefore, in order to effectuate the terms of the agreement, this Court will retain jurisdiction over this matter for the purpose of enforcing the settlement agreement, if necessary.

3. As a result of the Court's approval of the parties' executed settlement agreement, this action is hereby discontinued with prejudice and without costs or fees to any party.

4. The Clerk of Court is directed to close this case on the Docket of the Court.

Dated: New York, New York
November 21, 2017

SO ORDERED

_____
DEBRA FREEMAN
United States Magistrate Judge

Copies to:

All counsel (via ECF)